1    PESTOTNIK + GOLD LLP
Timothy R. Pestotnik, State Bar No. 128919
2    Russell A. Gold, State Bar No. 179498
401 West A Street, Suite 1600
3    San Diego, California 92101
Tel:  619.237.5080
4    Fax:  619.342.8020

5    WILMER CUTLER PICKERING HALE AND DORR LLP
Andrew B. Weissman, *pro hac vice*
6    John A. Valentine, *pro hac vice*
Jesse T. Travis, *pro hac vice*
7    1875 Pennsylvania Avenue, NW
Washington, DC  20006
8    Tel:    (202) 663-6000
Fax:    (202) 663-6363
9
*Attorneys for Defendants Texas Pacific Group, TPG Partners V, L.P.,*
10    *TPG GenPar V, L.P., and TPG Advisors V, Inc.*

11    SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Eric S. Waxman, State Bar No. 106649
12    Virginia Milstead, State Bar No. 234578
300 South Grand Avenue
13    Los Angeles, California 90071-3144
Tel:    (213) 687-5000
14    Fax:    (213) 687-5600

15    *Attorneys for Defendants Leonard Green & Partners,*
*Green Equity Investors IV, L.P., GEI Capital IV, LLC and John Danhakl*
16
     IN THE UNITED STATES DISTRICT COURT
17      SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re PETCO ANIMAL SUPPLIES INC. SHAREHOLDER LITIGATION<br><br>This Document Relates To:  All Actions | Civil Action No. 3:07-CV-00602-BEN-WMC<br><br>__CLASS ACTION__<br><br>**TPG AND LGP DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO REMAND ACTION TO STATE COURT**<br><br>Date:       July 9, 2007<br>Time:      10:30 a.m.<br>Courtroom:  The Honorable Roger T. Benitez |

18

19

20

21

22

23

24

25

26

27

28

Civil Action No. 3:0-CV-00602-BEN-WMC
TPG and LGP Defendants' Opposition to
Plaintiff's Motion to Remand Action to State Court

# TABLE OF CONTENTS

**Page**

I.    PLAINTIFF'S ACTION IS A "COVERED CLASS ACTION" THAT
WAS PROPERLY REMOVED UNDER THE PLAIN LANGUAGE OF
SLUSA..................................................................................................4

II.   PLAINTIFF'S ACTION INCORPORATES AIDING AND ABETTING
CLAIMS AGAINST THE BUYERS THAT ARE BARRED BY SLUSA. ...........7

    A.   Because SLUSA Makes All Covered Class Actions Federal in
Character, the "Well-Pleaded Complaint Rule" Has No Bearing
Here.................................................................................................7

    B.   The Aiding and Abetting Claims Against the Buyers Are Not
Covered by SLUSA's Narrow "Delaware Carve-Out" Provision. ..............8

        1.   Plaintiff's action is not "based upon the statutory or common
law of the State in which the issuer is incorporated or . . .
organized" because the aiding and abetting claims against the
Buyers are governed by California law. ........................................10

            a.   Under SLUSA's plain language, the claims against the
Buyers are not preserved.....................................................10

            b.   The only contrary decision failed to apply the key
language in clause (i) of the Delaware carve-out and is
inconsistent with Ninth Circuit precedent and the
policy concerns that motivated SLUSA...............................14

        2.   The claims against the Buyers are not covered by the carve-out
because they involve neither (I) securities purchases by the
issuer, nor (II) communication by the issuer or an affiliate
regarding the sale of the issuer's securities...................................17

III.  BECAUSE THE CLAIMS AGAINST THE BUYERS ARE BARRED BY
SLUSA, THIS COURT SHOULD EITHER DISMISS THOSE CLAIMS
AND ACT SEPARATELY ON THE CLAIMS AGAINST THE PETCO
DEFENDANTS, OR DISMISS THE ACTION IN ITS ENTIRETY. ..................18

    A.   If the Court Concludes It Should Address the Claims Individually, It
Should Dismiss the Claims Precluded by SLUSA and Either
Remand or Exercise Supplemental Jurisdiction Over the Claims
Against the PETCO Defendants. .......................................................19

    B.   Even if the Court Concludes It Must Address the Entire Action  as a
Whole, SLUSA's Mandate that Only Preserved "Actions" May  Be
Remanded Means the Motion To Remand Should Be Denied,  and
the Entire Action Dismissed. ............................................................22

IV.   AN AWARD OF ATTORNEY'S FEES IS NOT WARRANTED......................25

-i-                    Civil Action No. 3:0-CV-00602-BEN-WMC
TPG and LGP Defendants' Opposition to
Plaintiff's Motion to Remand Action to State Court

# TABLE OF AUTHORITIES

## CASES

*Alessi v. Beracha*, 244 F. Supp. 2d 354 (D. Del 2003) ................................................................. 10

*Assocs. Nat'l Bank v. Erum*, 206 Fed. Appx. 666 (9th Cir. Oct. 17, 2006) .............................. 28

*Braco v. MCI Worldcom Commc'ns, Inc.,* 138 F. Supp. 2d 1260 (C.D. Cal. 2001) ................... 26

*Casey v. United States Bank Nat'l Ass'n*, 127 Cal. App. 4th 1138 (2005) ........................... 12, 14

*Contreras v. Host Am. Corp.,* 453 F. Supp. 2d 416 (D. Conn. 2006) ........................................... 27

*Cromer Finance Ltd. v. Berger*, 2003 WL 21436164 (S.D.N.Y. 2003) ...................................... 14

*Dabit v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 395 F.3d 25 (2d Cir. 2005), *rev'd on other grounds*, 126 S. Ct. 1503 (2006) ............................................................................... 16, 20

*Derdiger v. Tallman,* 75 F. Supp. 2d 322 (D. Del. 1999) ........................................................... 18

*Desmond v. BankAmerica Corp.,* 120 F. Supp. 2d 1201 (N.D. Cal. 2000) ............................... 26

*Edgar v. MITE Corp.,* 457 U.S. 624 (1982) ................................................................................ 13

*Falkowski v. Imation Corp.,* 132 Cal. App. 4th 499 (1st Dist. 2005) ................................... 19, 22

*Falkowski v. Imation Corp.,* 309 F.3d 1123 (9th Cir. 2002) ............................... 2, 3, 7, 14, 15, 19

*Fink v. Venture Catalyst Inc.,* No. 02-CV-1283 (S.D. Cal. Sept. 23, 2003) ............................... 10

*First Nat'l City Bank v. Banco Para el Comercio Exterior de Cuba*, 462 U.S. 611 (1983) ......... 13

*Flores v. American Seafoods Co.,* 335 F.3d 904 (9th Cir. 2003) ................................................ 12

*Fresno Cmty. Hosp. V. UFCW Employers Benefit Plan of Northern Cal. Group Admin., LLC*, 2006 WL 3850734 (E.D. Cal. Dec. 19, 2006) ................................................................. 28

*Gavin v. AT&T Corp,* 2005 WL 1563122 (N.D. Ill. June 7, 2005), *rev'd on other grounds*, 464 F.3d 634 (7th Cir. 2006) ............................................................................................... 11, 12

*Gibson v. PS Group Holdings, Inc.,* 2000 WL 777818 (S.D. Cal. June 14, 2000) ............... 5, 6, 10

*Golub v. Hilb, Rogal & Hobbs Co.,* 379 F. Supp. 2d 639 (D. Del. 2005) .................................... 17

*Granite Partners, L.P. v. Bear, Stearns & Co. Inc.,* 17 F. Supp. 2d 275 (S.D.N.Y. 1998) .......... 14

*Gray v. Seaboard Secs., Inc.,* 241 F. Supp. 2d 213 (N.D.N.Y. 2003), *aff'd in part and rev'd in part*, 126 Fed. Appx. 14, 16 (2d Cir. Mar. 9, 2005) ........................................................... 20

*Greaves v. McAuley,* 264 F. Supp. 2d 1078 (N.D. Ga. 2003) ..................... 5, 11, 18, 23, 24, 25, 26

*Harris v. Polskie Linie Lotnicze,* 820 F.2d 1000 (9th Cir. 1987) ............................................... 12

*Havlicek v. Coast-to-Coast Analytical Svcs.,* 39 Cal. App. 4th 1844 (1995) ............................. 13

*In re Am. Mutual Funds Fee Litig.,* 2007 U.S. Dist. LEXIS 8276 (C.D. Cal. Jan. 18, 2007) ....... 20

-ii-

Civil Action No. 3:0-CV-00602-BEN-WMC
TPG and LGP Defendants' Opposition to
Plaintiff's Motion to Remand Action to State Court

*In re CrossWorlds Software, Inc. S'holder Litig.*, No. C 02-01249 (N.D. Cal. June 21, 2002) ..........................................................................................................................10

*In re Franklin Mut. Funds Excessive Fee Litig.*, 478 F. Supp. 2d 677 (D.N.J. 2007)..................23

*In re Lord Abbett Mutual Funds Fee Litig.*, 463 F. Supp. 2d 505 (D.N.J. 2006) ....................23, 25

*In re Santa Fe Pac. Corp. S'holder Litig.*, 669 A.2d 59 (Del. 1995)...........................................13

*Kircher v. Putnam Funds Trust*, 126 S. Ct. 2145 (2006)........................................................2, 5

*Klein v. Southwest Gas Corp.*, 1999 WL 33944685 (S.D. Cal. Aug. 3, 1999)............................10

*LaSala v. Border et CIE*, 452 F. Supp. 2d 575 (D.N.J. 2006) ................................................6, 23

*Lazar v. Gregerson*, 2002 WL 535405 (N.D. Cal. Apr. 8, 2002) ................................................10

*Madden v. Cowen & Co.*, 2007 WL 781780 (N.D. Cal. Mar. 8, 2007)......................................5, 8

*Martin v. Franklin Capital Corp.*, 546 U.S. 132 (2005)..............................................25, 26, 28

*Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Dabit,* 126 S. Ct. 1503 (2006) ..2, 6, 17, 21, 24, 27

*Patenaude v. The Equitable Life Assurance Society of the United States*, 290 F.3d 1020 (9th Cir. 2002)..........................................................................................................................20

*Prof'l Mgmt. Assocs., Inc. Employees' Profit Sharing Plan v. KPMG LLP*, 335 F.3d 800 (8th Cir. 2003)............................................................................................................................8

*Rowinski v. Salomon Smith Barney Inc.*, 398 F.3d 294 (3d Cir. 2005) .......................7, 16, 22, 23

*Santos v. Wood*, 2005 WL 2404417 (Cal. App. Sept. 30, 2005), *appeal filed on other grounds*, 2005 WL 762409 (Cal. App. Feb. 9, 2005) ...............................................................13

*Shields v. Singleton*, 15 Cal. App. 4th 1611 (1993)...........................................................12, 13

*Siepel v. Bank of America, N.A.*, 239 F.R.D. 558 (E.D. Mo. 2006)............................................23

*Solow v. Stone*, 994 F. Supp. 173 (S.D.N.Y. 1998) ....................................................................14

*Spielman v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 332 F.3d 116 (2d Cir. 2003) ...............7

*Stewart v. Travers*, No. 03-CV-2125 (S.D. Cal. Feb. 10, 2004)...............14, 15, 16, 23, 24, 25, 26

*Superior Partners v. Chang*, 471 F. Supp. 2d 750 (S.D. Tex. 2007).....................................23, 26

**STATUTES**

15  U.S.C. § 78bb(f)(1) .............................................................................................1, 5, 6, 19

15 U.S.C. § 78bb(f)(2) ........................................................................................4, 5, 6, 7, 26

15 U.S.C. § 78bb(f)(3) ...............................................................6, 8, 9, 10, 16, 17, 22, 24

15 U.S.C. § 78bb(f)(5) ...................................................................................................5, 18, 19

15 U.S.C. §§ 78bb(f)(5)(E), 77r(b) ..................................................................................6

Civil Action No. 3:0-CV-00602-BEN-WMC
TPG and LGP Defendants' Opposition to
Plaintiff's Motion to Remand Action to State Court

28 U.S.C. § 1367 ...................................................................................................20, 21, 28

28 U.S.C. § 1447 .........................................................................................................25

S. Rep. 105-185, at 6 (May 4, 1998) .........................................................................11

S. Rep. 105-185, at 6 (May 4, 1998) .....................................................................15, 21

Pub. L. No. 104-67, 109 Stat. 737 (1995) (codified at 15 U.S.C. §§ 77z-1, 77z-2, 78u-4, 78u-5 (2000)) ................................................................................................................1

Securities Litigation Uniform Standards Act of 1998 § 101(b),112 Stat. 3227 (codified at 15 U.S.C. § 78bb(f)(1)(A)) .........................................................................................1

Restatement (Second) of Conflicts of Laws § 1 cmts. a-c (1971) .........................12, 13

Civil Action No. 3:0-CV-00602-BEN-WMC
TPG and LGP Defendants' Opposition to
Plaintiff's Motion to Remand Action to State Court

Defendants Texas Pacific Group, TPG Partners V, L.P., TPG GenPar V, L.P., and TPG Advisors V, Inc. (collectively, "TPG"), Leonard Green & Partners, Green Equity Investors IV, L.P., GEI Capital IV, LLC, and John Danhakl (collectively, "LGP") (TPG and LGP together are referred to as "the Buyers"), respectfully submit this Opposition to Plaintiff's Motion to Remand.[1]

## Introduction

This case involves a state law class action against PETCO Animal Supplies, Inc. ("PETCO") and a number of its officers and directors (together with PETCO, the "PETCO Defendants"), as well as the Buyers, arising out of the Buyer's acquisition of PETCO. In essence, plaintiff alleges the director defendants breached their duties to the shareholders by approving the sale. The claims against the Buyers are based on the theory that their participation in the transaction "aided and abetted" these alleged breaches of duty. The issue this motion presents is whether plaintiff can circumvent the requirements of the Securities Litigation Uniform Standards Act of 1998 ("SLUSA"), by joining state law claims against the Buyers that are barred by SLUSA with claims against the directors that may be permitted under a narrow SLUSA exemption.[2]

Congress enacted SLUSA when it became evident that class action plaintiffs were using state law class actions to avoid the stringent requirements for class action securities fraud claims imposed in the Private Securities Litigation Reform Act of 1995 ("PSLRA").[3] To cure that problem, SLUSA generally bars state law class actions for damages arising out of alleged misrepresentations or omissions in connection with the purchase or sale of securities. *See* 15

---

[1] Pursuant to a joint motion by the parties and this Court's Order, this opposition addresses only the issues raised in plaintiff's motion to remand. All other questions regarding the adequacy of plaintiff's Consolidated Second Amended Complaint have been deferred until after the remand issue is resolved.

[2] *See* § 101(b),112 Stat. 3227 (codified at 15 U.S.C. § 78bb(f)(1)(A)). "SLUSA amends the 1933 Act and the 1934 Act in substantially identical ways." *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Dabit*, 126 S. Ct. 1503, 1511 n.6 (2006). References here are to amendments to the 1934 Act.

[3] Pub. L. No. 104-67, 109 Stat. 737 (1995) (codified as amended at 15 U.S.C. §§ 77z-1, 77z-2, 78u-4, 78u-5 (2000)).

-1-                Civil Action No. 3:0-CV-00602-BEN-WMC
TPG and LGP Defendants' Opposition to
Plaintiff's Motion to Remand Action to State Court

1    U.S.C. § 78bb(f)(1).[4/]   SLUSA makes all state law class actions founded on alleged

2    misrepresentations in securities transactions removable to federal court, *see id.* § 78bb(f)(2)), and

3    dismissal is mandated for all such class actions that do not fall within a narrow band of exempted

4    actions.  Actions that fall within the narrow exemption – which include certain traditional breach

5    of fiduciary duty claims governed by the law of the state in which the defendant is organized –

6    may be remanded to state court.  *See id.* § 78bb(f)(1), (3).  The Supreme Court recently

7    emphasized that the language and intent of SLUSA require that its preclusive effect be broadly

8    construed, and that narrow readings of the statute "would undercut the effectiveness of the 1995

9    Reform Act and thus run contrary to SLUSA's stated purpose."  *Dabit*, 126 S.Ct. at 1513 (2006).

10   Here, plaintiff's state law aiding and abetting claims against the Buyers do not fall within

11   the narrow scope of claims exempted from SLUSA's bar.  Plaintiff improperly seeks to pursue

12   these barred state law class action claims against the Buyers by joining them with claims against

13   the PETCO Defendants that could fall within the SLUSA exemption.  In doing so, plaintiff cites

14   cases that typically do not address the key issue here because they did not involve efforts to

15   pursue barred claims by joining them with exempted claims, as plaintiff does here.

16   Resolving plaintiff's motion to remand under SLUSA is not straightforward because

17   plaintiff chose to assert claims barred by SLUSA with claims permitted under the narrow SLUSA

18   exemption.  Courts differ over whether SLUSA's references to "actions" rather than "claims"

19   requires that the statute be applied either to all or none of the claims asserted in a complaint.  The

20   Ninth Circuit has held that SLUSA's applicability to claims in a complaint should be determined

21   on a claim-by-claim basis.  In *Falkowski v. Imation Corp.*, 309 F.3d 1123, 1131 (9th Cir. 2002), it

22   approved the district court's dismissal of claims barred under SLUSA and exercise of

23   supplemental jurisdiction over the remaining claims in plaintiff's action.  Other courts considering

24   SLUSA's repeated use of the word "action" conclude that the focus on "actions" rather than

25

26

_____

27   [4/]     Although courts often refer to actions as being "preempted" by SLUSA, the Supreme
     Court recently noted that the more accurate term is "precluded," because SLUSA "does not itself

28   displace state law with federal law but makes some state-law claims nonactionable through the
     class action device in federal as well as state court."  *Kircher v. Putnam Funds Trust*, 126 S. Ct.
     2145, 2151 n.1 (2006) (citation omitted).

-2-                    Civil Action No. 3:0-CV-00602-BEN-WMC
                              TPG and LGP Defendants' Opposition to
                          Plaintiff's Motion to Remand Action to State Court

"claims" means that the court must either dismiss or remand a complaint in its entirety, rather than treat each claim individually.

Whichever approach this Court favors, however, the aiding and abetting claims against the Buyers cannot survive. If the Court follows the approach the Ninth Circuit approved in *Falkowski*, the barred claims against the Buyers should be dismissed and the remaining claims should either (1) be retained, if the Court determines that it continues to have jurisdiction over those claims, or (2) dismissed or remanded, if it determines that it does not. If, on the other hand, the Court concludes that SLUSA's use of the word "action" mandates unitary treatment of the entire complaint, the motion to remand should be denied and the complaint dismissed because plaintiff's "action" incorporates barred claims. Either way, the claims against the Buyers are precluded by SLUSA and cannot proceed.

### Facts

On July 14, 2006, PETCO Animal Supplies, Inc. announced it had entered into an agreement, subject to shareholder approval, to be acquired by two private equity investment firms, LGP and TPG, for $29.00 per share in cash – a nearly $10.00 premium over the prior day's closing price of $19.45. In what has become essentially ritual practice in public company mergers and acquisitions, two lawyer-driven shareholder class actions were promptly filed in California state court, alleging that the PETCO directors breached their fiduciary duties to the shareholders by entering into a deal with the Buyers. Plaintiffs asserted no claims against the Buyers in the original complaints.

A month later, after PETCO filed a draft proxy statement, lead plaintiff Bill J. Harris filed a Consolidated Amended Complaint ("CAC"), expanding the state court action to allege that the PETCO directors breached their fiduciary duty by not giving good faith consideration to an alternative, purportedly superior, offer by PETCO's principal competitor, PetSmart. Plaintiff also added the Buyers as defendants in the CAC, alleging they had somehow aided and abetted the PETCO directors' alleged breaches of fiduciary duty by virtue of their participation in the proposed transaction. In the CAC, plaintiff sought a preliminary injunction to prevent PETCO's shareholders from voting to approve the transaction. Following expedited discovery and briefing,

Civil Action No. 3:0-CV-00602-BEN-WMC
TPG and LGP Defendants' Opposition to
Plaintiff's Motion to Remand Action to State Court

1    the state court rejected plaintiff's request for an injunction on October 20, 2006. Three days later,

2    PETCO's shareholders overwhelmingly voted to approve the merger.

3            Undeterred, on March 8, 2007, plaintiff served defendants with a Consolidated Second

4    Amended Complaint ("CSAC"). The CSAC asserts the same purported class action claims – that

5    the PETCO directors breached their fiduciary duties by (1) making material misstatements and

6    omissions in the proxy statement they sent to shareholders recommending approval of the

7    proposed merger between PETCO and the Buyers, and (2) failing adequately to consider an

8    alternative offer (*see generally* CSAC ¶¶ 1-13), and that the Buyers aided and abetted those

9    alleged breaches of fiduciary duty (*see id.* ¶¶ 170-71). Plaintiff now seeks to recover damages

10   from all defendants. *See* CSAC Prayer for Relief, at Exhibit 1 to Defendants TPG and LGP

11   Notice of Lodgment ("NOL").

12           On April 2, 2007, the Buyers, with the consent of the other defendants, removed the case

13   to this Court under SLUSA,[5/] which provides that any "covered class action" brought in state

14   court involving a "covered security" "shall be removable to the Federal district court for the

15   district in which the action is pending." 15 U.S.C. § 78bb(f)(2). There is no dispute that

16   plaintiff's lawsuit is a "covered class action" under SLUSA, was brought in state court, and

17   involves a "covered security." On May 3, 2007, plaintiff moved to remand the action to state

18   court.

19                                          **Argument**

20   **I.     PLAINTIFF'S ACTION IS A "COVERED CLASS ACTION" THAT WAS
            PROPERLY REMOVED UNDER THE PLAIN LANGUAGE OF SLUSA.**
21

22           This action was properly removed to this Court under SLUSA. An action may be removed

23   under SLUSA if it meets the requirements of 15 U.S.C. § 78bb(f)(2) – *i.e.*, it is (i) a "covered

24   action," that (ii) seeks damages, and (iii) asserts state law claims based on untruth or manipulation

25   in connection with the purchase or sale of publicly traded securities. If these elements are

26

27   _____

     [5/]      Before filing their removal papers, the Buyers sought to avoid the need for removal of the
28   entire action by requesting that plaintiff sever the claims against the Buyers from the state class
     action claims asserted against the PETCO Defendants. *See* Exhibit 2 to NOL. Plaintiff declined
     to do so.

-4-                    Civil Action No. 3:0-CV-00602-BEN-WMC
                                              TPG and LGP Defendants' Opposition to
                                    Plaintiff's Motion to Remand Action to State Court

satisfied – as they are here – removal under SLUSA is proper. *See Kircher*, 126 S.Ct. at 2154-55 (covered class actions involving covered securities that assert claims based on allegedly untrue statements or omissions are removable under SLUSA). Even where courts ultimately remand a removed action because it falls within SLUSA's narrow exception for certain traditional breach of fiduciary duty claims, they acknowledge the action was properly removed if it fit the description in SLUSA's removal provision. *See Greaves v. McAuley*, 264 F. Supp. 2d 1078, 1082 (N.D. Ga. 2003) (concluding, before considering exceptions to SLUSA's bar, that "[s]ince each of the elements required for removal is fulfilled, [defendants] properly removed this action"); *Gibson v. PS Group Holdings, Inc.*, 2000 WL 777818, at *2 (S.D. Cal. June 14, 2000) (under SLUSA's exception, action may go forward in state court "even if [it] satisfie[s] the general removal criteria of the Uniform Standards Act").

This action meets the requirements of SLUSA's removal provision because it is (1) a "covered class action," (2) "based upon the statutory or common law of any State," (3) alleging an untrue statement or omission of material fact, (4) "in connection with" the purchase or sale of (5) a "covered security." *See Madden v. Cowen & Co.*, 2007 WL 781780, at *4 (N.D. Cal. Mar. 8, 2007); 15 U.S.C. §§ 78bb(f)(1), (2), (5)(B)(i).

Plaintiff does not dispute that the CSAC is a "covered class action," because it seeks damages "on behalf of more than 50 persons or prospective class members" where common questions of law and fact "predominate over any questions affecting only individual persons or members." *See* 15 U.S.C. § 78bb(f)(5)(B)(i)(I) (defining "covered class action"); CSAC ¶¶ 41, 43-44. Nor does plaintiff dispute that his breach of fiduciary duty and aiding and abetting breach of fiduciary duty claims are based on state law. *See id.* ¶¶ 168-173.

The CSAC satisfies the remaining elements for removal under SLUSA because plaintiff expressly alleges that PETCO and its directors misrepresented or omitted material facts in a proxy

-5-                    Civil Action No. 3:0-CV-00602-BEN-WMC
TPG and LGP Defendants' Opposition to
Plaintiff's Motion to Remand Action to State Court

statement that they distributed to shareholders in connection with the sale of a covered security.[6]

*See id.* ¶¶ 10-11, 155-165; *Dabit*, 126 S. Ct. at 1513 (adopting broad interpretation of phrase "in connection with the purchase or sale of securities," such that "it is enough that the fraud alleged 'coincide' with a securities transaction – whether by the plaintiff or by someone else").[7] Plaintiff's claims for breach of fiduciary duty and aiding and abetting breach of fiduciary duty incorporate all of the allegations in the CSAC, including the allegations of misstatements and omissions in the proxy statement. *See* CSAC ¶ 168. Plaintiff also expressly supports his claim with allegations that PETCO's directors, aided and abetted by the remaining defendants, "fail[ed] to disclose material information to PETCO's shareholders" and "consummated the unfair Acquisition . . . without the disclosure of all material information." *See id.* ¶¶ 169(e), 171.

Because plaintiff's class action is based on state law and alleges an untrue statement or omission of material fact made in connection with the purchase or sale of a covered security, it is a "covered class action" under SLUSA which "shall be removeable" to federal court.[8] *See* 15 U.S.C. § 78bb(f)(1), (2). The motion to remand asks the Court to apply SLUSA's preservation clause to find that the entire action may be maintained in a federal or state court, *see id.* § 78bb(f)(3)(A), and to remand the action to state court under 15 U.S.C. § 78bb(f)(3)(D). As shown below, the barred claims against the Buyers may not be returned to the state court under any reading of the statute. Under the statutory analysis preferred by some courts, the entire

---

[6] At all times relevant to plaintiff's action, the PETCO shares on which his claims are based were listed on a regulated national exchange and therefore qualify as "covered securit[ies]" under SLUSA. *See* 15 U.S.C. §§ 78bb(f)(5)(E), 77r(b); *Gibson*, 2000 WL 777818, at *3.

[7] *See also LaSala v. Border et CIE*, 452 F. Supp. 2d 575, 585-88 (D.N.J. 2006) (state law aiding and abetting claims were within SLUSA's scope where party other than defendant made alleged misrepresentations or omissions, even though plaintiff had no federal securities remedy for such claims); *Gibson*, 2000 WL 777818, at *3 (alleged misrepresentations and omissions in proxy statement relating to challenged acquisition were made "in connection with a purchase or sale of a security" under SLUSA).

[8] In light of the propriety of removal, there is no basis for an award of attorney's fees. *See* Part IV, below.

-6-                      Civil Action No. 3:0-CV-00602-BEN-WMC
                                      TPG and LGP Defendants' Opposition to
                                 Plaintiff's Motion to Remand Action to State Court

"action" should be considered precluded by SLUSA and dismissed. Under any circumstances, however, removal was proper under 15 U.S.C. § 78bb(f)(2).

## II. PLAINTIFF'S ACTION INCORPORATES AIDING AND ABETTING CLAIMS AGAINST THE BUYERS THAT ARE BARRED BY SLUSA.

### A. Because SLUSA Makes All Covered Class Actions Federal in Character, the "Well-Pleaded Complaint Rule" Has No Bearing Here.

Plaintiff's memorandum in support of the remand motion dwells at length on the argument that remand is appropriate because his complaint "abided by the 'well-pleaded complaint' rule." *See* Plaintiff's Mem. in Supp. of Mot. To Remand Action to State Court ("Pl. Mem.") at 5-8. That doctrine is of no consequence for actions removed pursuant to SLUSA, which is specifically designed to address class action complaints filed by plaintiffs who choose to limit their claims to non-federal causes of action.

The Ninth Circuit, like other appellate courts considering this issue, holds that because SLUSA, a federal statute, completely precludes covered state law class actions, it renders the "well-pleaded complaint rule" inapplicable, and "any civil complaint raising this select group of claims is necessarily federal in character." *Falkowski*, 309 F.3d at 1127-28. SLUSA thereby creates "an exception to the well-pleaded complaint rule" that "trump[s] the well-accepted principle that the plaintiff is the 'master of the claim' and may avoid removal to federal court by alleging only state law claims." *Spielman v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 332 F.3d 116 (2d Cir. 2003); *accord Rowinski v. Salomon Smith Barney Inc.*, 398 F.3d 294, 298 (3d Cir. 2005) (SLUSA "creates an express exception to the well-pleaded complaint rule") (citing *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 8 (2003)). Accordingly, the issue before this Court is not whether plaintiff is the master of his claims in a well-pleaded complaint, but whether the action plaintiff chose to pursue is precluded by SLUSA.

-7-                    Civil Action No. 3:0-CV-00602-BEN-WMC
TPG and LGP Defendants' Opposition to
Plaintiff's Motion to Remand Action to State Court

### B.   The Aiding and Abetting Claims Against the Buyers Are Not Covered by SLUSA's Narrow "Delaware Carve-Out" Provision.

Plaintiff argues that the Court should remand the action to state court because the claims asserted against the PETCO Defendants are classic examples of state law causes of action that are exempt from SLUSA. *See* Pl. Mem. At 9-11. But this argument ignores the critical choice plaintiff made when he joined those claims with others not exempt from SLUSA – the aiding and abetting claims against the Buyers. Had plaintiff filed a separate state law class action against the Buyers to pursue the aiding and abetting claims, that action would certainly be barred by SLUSA, not subject to any SLUSA exemption, and subject to immediate dismissal. *See, e.g., Prof'l Mgmt. Assocs., Inc. Employees' Profit Sharing Plan v. KPMG LLP*, 335 F.3d 800 (8th Cir. 2003) (affirming dismissal under SLUSA of shareholder class action claims against auditor for negligence and aiding and abetting company breaches of fiduciary duty). Plaintiff cannot avoid that result merely by grafting his claims against the Buyers onto his claims against the PETCO Defendants.

In a narrow exception to the general rule precluding state law class actions for misrepresentations or omissions in connection with securities transactions, SLUSA preserves specific state law actions that fall within what has been termed the "Delaware carve-out." *See, e.g., Madden*, 2007 WL 781780, at *6; 15 U.S.C. § 78bb(f)(3)(A). That provision preserves a shareholder's right to maintain a "covered class action" in state court if the "action" satisfies the requirements specified in subsection (3)(A), entitled "Actions under state law of state of incorporation." An action is preserved under this subsection only if it satisfies two requirements:

- *First*, the "action" must be "based upon the statutory or common law of the State in which the issuer is incorporated . . . or organized." *Id.* § 78bb(f)(3)(A)(i).

- *Second*, the "action" must involve either of two subjects: "(I) the purchase or sale of securities by the issuer or an affiliate of the issuer exclusively from or to holders of equity securities of the issuer; or (II) any . . . communication with respect to the sale of securities of an issuer that— (aa) is made by or on behalf of the issuer or an affiliate of the issuer to holders of equity securities of the

-8-                    Civil Action No. 3:0-CV-00602-BEN-WMC
TPG and LGP Defendants' Opposition to
Plaintiff's Motion to Remand Action to State Court

issuer; and (bb) concerns decisions of such equity holders with respect to voting their securities" in a tender offer, exchange offer, or exercising dissenters' or appraisal rights. *Id.* § 78bb(f)(3)(A)(ii).

Under the plain language of the statute, no action is preserved if it does not satisfy *both* of these criteria.[9/]

The Delaware carve-out does not preserve plaintiff's "action" because plaintiff's complaint fails to meet *either* of these two requirements. *First*, the aiding and abetting claims against the Buyers are governed by California law and therefore the "action" incorporating those claims is not "based upon the statutory or common law of the State in which the issuer is incorporated . . . or organized." *See id.* § 78bb(f)(3)(A)(i).[10/] *Second*, the aiding and abetting claims against the Buyers do not involve either (I) the purchase or sale of securities by the issuer from holders of equity securities, or (II) a "recommendation, position or other communication with respect to the sale of securities of an issuer . . . made by or on behalf of the issuer or an affiliate of the issuer to holders of equity securities of the issuer." *See id.* § 78bb(f)(3)(A)(ii).

---

[9/]    The complete text of 15 U.S.C. § 78bb(f)(3)(A) is as follows:

(A) Actions under state law of state of incorporation.—

 (i)  Actions preserved.— Notwithstanding paragraph (1) or (2), a covered class action described in clause (ii) of this subparagraph that is based upon the statutory or common law of the State in which the issuer is incorporated (in the case of a corporation) or organized (in the case of any other entity) may be maintained in a State or Federal court by a private party.

(ii) Permissible actions.—  A covered class action is described in this clause if it involves—

(I) the purchase or sale of securities by the issuer or an affiliate of the issuer exclusively from or to holders of equity securities of the issuer; or

(II) any recommendation, position or other communication with respect to the sale of securities of an issuer that—

(aa) is made by or on behalf of the issuer or an affiliate of the issuer to holders of equity securities of the issuer; and

(bb) concerns decisions of such equity holders with respect to voting their securities, acting in response to a tender or exchange offer, or exercising dissenters' or appraisal rights.

[10/]    The "issuer" here, PETCO, was incorporated in Delaware. *See* Exhibit 3 to NOL, PETCO 13E-3/A (Oct. 10, 2006) at 3.

-9-                  Civil Action No. 3:0-CV-00602-BEN-WMC
                         TPG and LGP Defendants' Opposition to
                    Plaintiff's Motion to Remand Action to State Court

1    Accordingly, the "action" incorporating those claims involves more than the limited subjects that

2    qualify for the Delaware carve-out.

3        The vast majority of the cases plaintiff cites remanding actions to state court under SLUSA

4    involved *only* shareholder breach of fiduciary duty claims against a company or its officers and

5    directors, placing the entire action squarely within SLUSA's preservation provision.[11]  In

6    contrast, in this case plaintiff expanded his action to incorporate claims against *parties outside of*

7    *the corporation* – the Buyers – that are barred by SLUSA and do not fall within the preservation

8    language.  Actions like this one, in which a shareholder seeks to take advantage of the Delaware

9    carve-out for claims against both company defendants *and* an outside party, have been addressed

10   by only a handful of courts.[12]  As shown below, the aiding and abetting claims against the Buyers

11   are not covered by the Delaware carve-out provisions.  As a result, as explained in the ensuing

12   section (Part III), this action may not be remanded in its entirety, and, at a minimum, the claims

13   against the Buyers must be dismissed.

14                    1.    **Plaintiff's action is not "based upon the statutory or common law of the**
                           **State in which the issuer is incorporated or . . . organized" because the**
15                         **aiding and abetting claims against the Buyers are governed by**
                           **California law.**
16

17                         a.    **Under SLUSA's plain language, the claims against the Buyers**
                                 **are not preserved.**
18

19       To qualify for the Delaware carve-out, an action must be "based upon the statutory or

20   common law of the State in which the issuer is incorporated."  15 U.S.C. § 78bb(f)(3)(A)(i).  This

21   requirement applies even if the action is one that is "described in clause (ii) of this subparagraph."

22   *Id.*  Accordingly, a covered class action that is based on conduct set forth in clause (ii) of the

23

_____

24   [11]    *See Fink v. Venture Catalyst Inc.*, No. 02-CV-1283 (S.D. Cal. Sept. 23, 2003) (no claim
25   against third-party acquirer); *Alessi v. Beracha*, 244 F. Supp. 2d 354, 355 (D. Del 2003) (same);
     *Lazar v. Gregerson*, 2002 WL 535405, at *1 (N.D. Cal. Apr. 8, 2002) (same); *In re CrossWorlds*
26   *Software, Inc. S'holder Litig.*, No. C 02-01249 (N.D. Cal. June 21, 2002) (same); *Gibson v. PS*
     *Group Holdings, Inc.*, 2000 WL 777818, at *1 (S.D. Cal. June 14, 2000) (same); *Klein v.*
27   *Southwest Gas Corp.*, 1999 WL 33944685, at *6 (S.D. Cal. Aug. 3, 1999) (same).

28   [12]    As discussed below, however, many courts, including the Ninth Circuit, have dealt with
     complaints that join claims barred by SLUSA with claims not subject to SLUSA.  These courts
     typically dismiss the barred claims and sometimes dismiss the entire action.

                                                        -10-        Civil Action No. 3:0-CV-00602-BEN-WMC

carve-out must still be "based upon the . . . law of the State in which the issuer is incorporated" to be exempt from SLUSA's general rule of preclusion.  *Id.*

The typical exempted class action involves only breach of fiduciary duty claims by shareholders against the corporation in which they own stock and/or its officers or directors.  In those cases, the requirement in clause (i) of the carve-out is satisfied because the applicable law is the law of the state of incorporation.  But where the shareholder claims extend to parties outside of the shareholder's corporation, the courts must be careful to assure that the claims asserted against *those parties* are also based upon the law of *their* state of incorporation or organization, if the carve-out is to apply.  In this case, the claims against the Buyers fail this test.

Several courts have held that claims against a party are *not* preserved by the Delaware carve-out if they are *not* based on the law of the state in which *that party* is incorporated or organized.  This requirement reflects the purpose of the Delaware carve-out: to preserve certain state law class actions alleging breaches of a duty of disclosure by directors to shareholders that are traditionally governed by the law of the state of incorporation.  *See* S. Rep. 105-185, at 6 (May 4, 1998) (Congress was "keenly aware of the importance of state corporate law, specifically those states that have laws that establish a fiduciary duty of disclosure" and did not wish "to interfere with state law regarding the duties and performance of an issuer's directors or officers. . . .").

In *Greaves*, for example, a shareholder class asserted claims under Georgia law against a Georgia corporation and its officers and directors, and also alleged claims under Georgia law against a separate Delaware corporation.  264 F. Supp. at 1083-84.  The court found the claims against the Georgia corporate defendants were preserved under the Delaware carve-out, but that the companion claims against the Delaware corporate defendant were not preserved.  *See id.* Similarly, in *Gavin v. AT&T Corp.*, a shareholder class action was brought under New York law against a New York corporation and its proxy solicitor, which was a Delaware corporation.  2005 WL 1563122, at *18 (N.D. Ill. June 7, 2005), *rev'd on other grounds*, 464 F.3d 634 (7th Cir.

-11-                  Civil Action No. 3:0-CV-00602-BEN-WMC
                              TPG and LGP Defendants' Opposition to
                              Plaintiff's Motion to Remand Action to State Court

2006).  The court ruled that the Delaware carve-out did not cover the claims against the proxy solicitor because they were not based on the laws of the state in which *the proxy solicitor* was incorporated.  *Id.*

For the same reason, plaintiff's claims against the Buyers are not preserved by the carve-out.  The Buyers are incorporated or organized in Delaware,[13] but the claims plaintiff asserts against them are governed by California law.  Indeed, because California law governs the claims against the Buyers, plaintiff's "action" is based in part on the law of a state – California – in which *none of the defendants* is incorporated or organized.  Defendants are not aware of any case holding SLUSA's Delaware carve-out applies under these circumstances.

Applying either federal common law or California choice of law analysis to the aiding and abetting claims against the Buyers,[14] California law applies because it is the forum state and there is no substantive conflict between California law and Delaware law for a claim of aiding and abetting a breach of fiduciary duty.[15]  California follows the common law aiding and abetting rule, imposing liability if the defendant "knows the other's conduct constitutes a breach of duty and gives substantial assistance or encouragement to the other to so act."  *Casey v. United States Bank Nat'l Ass'n*, 127 Cal. App. 4th 1138, 1144 (2005).  This standard mirrors the three elements

---

[13]     *See* NOL at Exhibit 4, Page 104; and Exhibit 3, PETCO 13E-3/A (Oct. 10, 2006) at 3.

[14]     No precedent establishes whether the rules of the forum state or federal common law should govern the choice of state law applied to a claim removed to federal court under SLUSA.  Because jurisdiction is founded on the presence of a federal question and not diversity, applying the forum state's choice of law rules is not mandated.  *See Harris v. Polskie Linie Lotnicze*, 820 F.2d 1000, 1002 (9th Cir. 1987).  In that circumstance, "[i]n the absence of specific statutory guidance," courts should "resort to the federal common law for a choice-of-law rule."  *See id.* at 1003.  "Federal common law follows the [choice-of-law] approach of the Restatement (Second) of Conflicts of Laws," *Flores v. American Seafoods Co.*, 335 F.3d 904, 916 (9th Cir. 2003), which, as noted below, mandates that California law applies in the absence of a conflict with Delaware law.  Because analysis under both federal common law and California choice of law rules yields the same result – application of California law – the Court need not choose between them.

[15]     *See, e.g., Shields v. Singleton*, 15 Cal. App. 4th 1611, 1621 (1993) (applying California law because no conflict existed between laws of California and Delaware) (citing *Hurtado v. Superior Court*, 11 Cal. 3d 574, 580 (1974)); Restatement (Second) of Conflict of Laws § 1 cmts. a-c (1971) (conflict of law rules apply only when states involved have different laws; otherwise court's task is to determine parties' rights and liabilities "in accordance with its own local law").

-12-                    Civil Action No. 3:0-CV-00602-BEN-WMC
                              TPG and LGP Defendants' Opposition to
                              Plaintiff's Motion to Remand Action to State Court

of the claim under Delaware law: "(1) the existence of a fiduciary relationship, (2) a breach of the fiduciary's duty, and (3) a knowing participation in that breach." *In re Santa Fe Pac. Corp. S'holder Litig.*, 669 A.2d 59, 72 (Del. 1995). Because the laws of California and Delaware on aiding and abetting liability do not conflict, the law of the forum state, California, applies to plaintiff's claims against the Buyers. *See Shields*, 15 Cal. App. 4th at 1621; Restatement (Second) of Conflict of Laws) § 1 cmts. a-c.

The internal affairs doctrine – that the law of the state of incorporation governs claims addressed to matters "peculiar to the relationships among or between the corporation and its current officers, directors and shareholders" (*see Edgar v. MITE Corp.*, 457 U.S. 624, 645 (1982)), does not negate the applicability of California law here. The internal affairs doctrine is a "conflict of laws principle" that applies only when "a corporation could be faced with conflicting demands." *Id.*; *see also Santos v. Wood*, 2005 WL 2404417, at *6 n.4 (Cal. App. Sept. 30, 2005) (refusing to apply internal affairs doctrine because laws of Delaware and California did not conflict and applying California law), *appeal filed on other grounds*, 2005 WL 762409 (Cal. App. Feb. 9, 2005); *Shields*, 15 Cal. App. 4th at 1621 (same); *Havlicek v. Coast-to-Coast Analytical Svcs.*, 39 Cal. App. 4th 1844, 1851-54 (1995) (rejecting argument that internal affairs doctrine required court to apply Delaware law, because complying with California law would not require defendant to violate Delaware law). Since the laws of California and Delaware on plaintiff's claims against the Buyers do not conflict, the internal affairs doctrine does not apply.

But even if there were a conflict between California and Delaware law regarding these claims, Delaware law would not apply under the internal affairs doctrine because the aiding and abetting claims against the Buyers turn on the conduct of persons outside of the corporation and affect the rights of parties independent of and external to the corporation – TPG and LGP. *See First Nat'l City Bank v. Banco Para el Comercio Exterior de Cuba*, 462 U.S. 611, 621 (1983) (refusing to apply internal affairs doctrine because "[d]ifferent conflicts principles apply . . .

-13-                    Civil Action No. 3:0-CV-00602-BEN-WMC
                        TPG and LGP Defendants' Opposition to
                        Plaintiff's Motion to Remand Action to State Court

where the rights of third parties external to the corporation are at issue") (citing Restatement (Second) of Conflict of Laws §§ 301 and 302)); *Casey*, 127 Cal. App. 4th at 1144 (treating aiding and abetting breach of fiduciary duty like claim for aiding and abetting any other tort).[16]

> **b.    The only contrary decision failed to apply the key language in clause (i) of the Delaware carve-out and is inconsistent with Ninth Circuit precedent and the policy concerns that motivated SLUSA.**

Plaintiff cites one unreported decision in this district that takes a different approach to SLUSA's carve-out provision. *Stewart v. Travers,* No. 03-CV-2125 (S.D. Cal. Feb. 10, 2004) (slip opinion attached as Exhibit 2), involved shareholder claims under Georgia law against the former directors of their company, a Georgia corporation, and Goldman Sachs, a Delaware corporation which provided a fairness opinion in connection with the challenged merger.  In *Stewart*, Judge Jones held that because the claims asserted against the directors fell within the Delaware carve-out, the entire action was subject to the carve-out.  Referring to the language in subsection (3)(A)(ii) of the carve-out provision, the court reasoned that if such an action includes a claim that "involves" carved-out conduct, the entire action should be deemed to "involve" that conduct. *See id.*, slip. op. at 9-10.  The court ruled that in these circumstances, "it does not matter that Goldman Sachs is not incorporated or organized under the laws of Georgia." *Id.* at 10.  Respectfully, the unreported *Stewart* decision is inconsistent with SLUSA's plain language and intent, as well as the approach taken by the Ninth Circuit in *Falkowski*, and should not be followed by this Court for three reasons.

---

[16]    *Accord Solow v. Stone*, 994 F. Supp. 173, 177 (S.D.N.Y. 1998) (claims for breach of fiduciary duty are subject to the law of the state of incorporation, but "[t]he same choice-of-law analysis would not seem to apply to plaintiff's remaining claims for aiding and abetting the breach of fiduciary duty" because that claim is not directed against persons "in their capacity as officers or directors of [the Delaware corporation]"); *Granite Partners, L.P. v. Bear, Stearns & Co. Inc.,* 17 F. Supp. 2d 275, 306 (S.D.N.Y. 1998); *Cromer Finance Ltd. v. Berger*, 2003 WL 21436164, at *8-9 (S.D.N.Y. 2003).

-14-                    Civil Action No. 3:0-CV-00602-BEN-WMC
TPG and LGP Defendants' Opposition to
Plaintiff's Motion to Remand Action to State Court

*First*, *Stewart* failed to apply the plain meaning of SLUSA's carve-out language.  As noted above, clause (ii) of subsection (3)(A) of SLUSA states that a covered class action that "involves" specified conduct may qualify for the carve-out, but clause (i) of that subsection further provides that only a subset of the actions described in clause (ii) are in fact carved-out: "a covered class action described in clause (ii) of this subparagraph *that is based upon the statutory or common law of the State in which the issuer is incorporated* . . . may be maintained . . . ."  15 U.S.C. § 78bb(f)(3)(A)(i) (emphasis added).  The unreported *Stewart* opinion did not apply this plain language, which states on its face that even an action that satisfies clause (ii) – because it "involves" the prescribed conduct – is not covered by the carve-out unless it *also* is based on the law of the issuer's state of incorporation.  The opinion does not mention that claims – or actions that include claims – that are not based on the issuer's state of incorporation do not meet the requirements of clause (i) and therefore are not preserved by the carve-out.  As a result, the *Stewart* opinion seems to negate the very heading describing the one feature Congress required for all Delaware carve-out claims: that they be "Actions under state law of state of incorporation."  *Id.* § 78bb(f)(3)(A).  It also expanded the scope of the Delaware carve-out to cover causes of action beyond those Congress targeted in the carve-out – *i.e.*, claims under "state law regarding the duties and performance of an issuer's directors or officers."  *See* S. Rep. 105-185, at 6 (May 4, 1998).

*Second*, by insisting that all claims in the action be treated as a single unit, the *Stewart* opinion is at odds with the Ninth Circuit decision in *Falkowski*.  In *Falkowski*, plaintiffs filed suit in California state court asserting claims relating to stock options issued by their employer.  309 F.3d at 1127.  Two of the claims alleged fraudulent misrepresentations; the remaining eight claims alleged contract and labor law violations.  *Id.*  The case was removed to federal court under SLUSA.  *Id.*  The district court held that removal was proper because some of the claims constituted covered class actions under SLUSA.  *Id.*  It dismissed the covered claims because they

Civil Action No. 3:0-CV-00602-BEN-WMC
TPG and LGP Defendants' Opposition to
Plaintiff's Motion to Remand Action to State Court

were precluded by SLUSA, then exercised supplemental jurisdiction over the remaining claims

and dismissed them as well based on the language of the contract. *Id.* The Ninth Circuit affirmed

the lower court except for the dismissal of the contract claims, as to which it found the contract

language ambiguous. *See id.* at 1131-32. But on the issues relevant to SLUSA, the Ninth Circuit

affirmed the district court's decisions both to dismiss the claims that were barred by SLUSA and

to exercise jurisdiction over the remaining claims. In other words, the Ninth Circuit concluded

that SLUSA did *not* require that the district court treat plaintiffs' "action" as an indivisible unit.

Instead, it affirmed a claim-by-claim approach to determining which claims should be dismissed

under SLUSA and which should survive. *See Rowinski*, 398 F.3d at 305 (Third Circuit noting that

*Falkowski* "examine[d] each count in the complaint separately to determine whether it is

preempted"); *Dabit v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 395 F.3d 25, 47 (2d Cir. 2005)

(Second Circuit describing *Falkowski* as "affirming dismissal of preempted fraud claims but

permitting maintenance of remaining contract claims"), *rev'd on other grounds*, 126 S. Ct. 1503

(2006). The *Stewart* opinion, in contrast, declined to analyze each claim separately, holding that

even a claim barred under SLUSA would be allowed to proceed in state court because other

claims it was joined with were not barred.[17]

*Third*, the *Stewart* approach creates a gaping loophole in SLUSA by permitting otherwise

precluded claims to proceed as long as plaintiff joins them with preserved claims. In light of the

--------

[17]     *Stewart* did not adequately explain why the Ninth Circuit's rejection of the "whole action" approach was not binding on the court. The opinion sought to distinguish *Falkowski* because that case involved "claims that are preempted by SLUSA and garden variety state law claims," which the court thought made it appropriate in *Falkowski* "to separate the pure state law claims from the preempted claims." Slip op. at 9. The court then interpreted the term "action" in SLUSA's remand provision to preclude the same claim-by-claim approach in cases that involve the Delaware carve-out. *See id.* The *Stewart* opinion's analysis ignores that the word "action" also appears in clause (i) of the carve-out provision (requiring that an "action" must be based on the law of the state of incorporation for it to be preserved), as well as in the remand provision (providing for remand only if the "action may be maintained in State court"). *See* 15 U.S.C. § 78bb(f)(3)(A), (D). Moreover, because the Ninth Circuit in *Falkowski* interpreted an identical use of the term "action" to determine that claims before the district court were precluded by SLUSA (i.e., "No action . . . may be maintained. . . ."), the *Stewart* opinion's attempt to distinguish *Falkowski* on that basis fails. *See id.* § 78bb(f)(1).

-16-                Civil Action No. 3:0-CV-00602-BEN-WMC
TPG and LGP Defendants' Opposition to
Plaintiff's Motion to Remand Action to State Court

fact that SLUSA arose out of Congress's concern that plaintiffs were circumventing the PSLRA's requirements, Congress could not have intended to give a plaintiff the power to avoid SLUSA (and the PSLRA as well) merely by joining a precluded state law class action with a claim that fits the Delaware carve-out.  *See Dabit*, 126 S.Ct. at 1513 (narrow reading of SLUSA would undercut the PSLRA "and thus run contrary to SLUSA's stated purpose").

This Court should apply the statute's plain language and find that, because plaintiff's action includes claims against the Buyers that are not "based upon the statutory or common law of the State in which" they are incorporated or organized, 15 U.S.C. § 78bb(f)(3)(A)(i), the Delaware carve-out does not apply.

> **2.    The claims against the Buyers are not covered by the carve-out because they involve neither (I) securities purchases by the issuer, nor (II) communication by the issuer or an affiliate regarding the sale of the issuer's securities.**

The Delaware carve-out does not preserve plaintiff's claim against the Buyers for a second, independent reason: plaintiff does not allege that (I) the issuer or its affiliate purchased any of its securities, or (II) the Buyers made any "communication with respect to the sale of securities of an issuer that . . . concerns decisions of such equity holders with respect to voting their securities."  *See* 15 U.S.C. § 78bb(f)(3)(A)(ii).

The first carve-out in subsection (3)(A)(ii) does not apply here because neither PETCO nor the Buyers purchased their own securities in the going-private transaction.  Rather, Rover Holdings Corp. acquired *PETCO's* securities from *PETCO's* shareholders.[18]  As a result, the first carve-out provision, which is limited to an action involving "the purchase or sale of securities exclusively from or to holders of equity securities of the issuer," does not apply.  *See Golub v. Hilb, Rogal & Hobbs Co.*, 379 F. Supp. 2d 639, 643 n.3 (D. Del. 2005) (noting that provision did

---

[18]     *See* NOL at Exhibit 4, Page 4.

-17-                    Civil Action No. 3:0-CV-00602-BEN-WMC
TPG and LGP Defendants' Opposition to
Plaintiff's Motion to Remand Action to State Court

1  not apply where plaintiffs sued acquiring corporation and none of them purchased or sold that

2  corporation's securities).[19]

3       The second carve-out provision applies only where a party communicates with *its*

4  shareholders about *its own* securities.  *See id.* (second Delaware carve-out does not apply where

5  defendant acquired plaintiffs' shares in target corporation, because plaintiffs did not hold

6  *defendant's* securities); *Greaves*, 264 F. Supp. 2d at 1084 (second carve-out did not apply where

7  the communication on which plaintiff relied was made not by the acquiring entity to its

8  shareholders, but by the target corporation to *its* shareholders).  Here, the *PETCO Defendants*

9  communicated with *PETCO's* shareholders about *PETCO's* securities.[20]  Because the Buyers

10  made no "communication with respect to the sale of" *their* securities to holders of *their* shares, the

11  second Delaware carve-out does not apply.

12       As a result, the aiding and abetting claims against the Buyers are not preserved by the

13  Delaware carve-out, and the entire "action" does not fall within the carve-out.  As shown below,

14  this at a minimum requires dismissal rather than remand of the claims against the Buyers.

15  **III.**  **BECAUSE THE CLAIMS AGAINST THE BUYERS ARE BARRED BY SLUSA,**

16         **THIS COURT SHOULD EITHER DISMISS THOSE CLAIMS AND ACT**
       **SEPARATELY ON THE CLAIMS AGAINST THE PETCO DEFENDANTS, OR**

17         **DISMISS THE ACTION IN ITS ENTIRETY.**

18       Once the Court, applying SLUSA's plain language, finds the claims against the Buyers are

19  barred by SLUSA and not preserved by the Delaware carve-out, it must determine what court

20  action is appropriate.  As noted earlier, courts have differing views on the proper approach when

21  some claims in a complaint are barred and others are not, based on whether they conclude that

22

---

23  [19]    None of TPG, LGP, Rover Holdings Corp. or Rover Acquisition Corp. are alleged to
have been, or were, "affiliates" of PETCO.  *See* 15 U.S.C. § 78bb(f)(5)(A) (defining "affiliate" as

24  "a person that directly or indirectly, through one or more intermediaries, controls or is controlled
by or is under common control with, the issuer").  In *Derdiger v. Tallman*, on which plaintiff

25  relies, the court concluded, without factual explanation or legal analysis, that an acquiring
corporation was an "affiliate" of the acquired corporation.  75 F. Supp. 2d 322, 325 (D. Del.

26  1999).  In that case, however, plaintiff alleged that the acquiring corporation itself made false
statements concerning its financial performance in the proxy statement that the acquired company

27  distributed to its shareholders.  No communication of that type between TPG, LGP, Rover
Holdings Corp., or Rover Acquisition Corp. and PETCO's shareholders is alleged in this case.

28  [20]    As already noted, the Buyers were not "affiliates" of PETCO.

Civil Action No. 3:0-CV-00602-BEN-WMC
TPG and LGP Defendants' Opposition to
Plaintiff's Motion to Remand Action to State Court

1   SLUSA requires the "action" to be treated as a single indivisible unit or that each claim can be

2   addressed individually.  Under either approach, a careful application of the language of the statute

3   requires dismissal of plaintiff's claims against the Buyers.

> ### A.   If the Court Concludes It Should Address the Claims Individually, It Should Dismiss the Claims Precluded by SLUSA and Either Remand or Exercise Supplemental Jurisdiction Over the Claims Against the PETCO Defendants.

6       As set forth above, in *Falkowski* the Ninth Circuit affirmed a district court's decision to

7   determine claim-by-claim whether the claims in plaintiffs' action were precluded by SLUSA,

8   dismissing those that were barred and exercising jurisdiction over the rest.  A number of other

9   courts have likewise concluded that SLUSA's reference to the "action" does not mandate that the

10  court treat plaintiff's complaint as an indivisible unit.[21/]  These courts conclude, implicitly or

11  explicitly, that the reference to "actions" was not intended to handcuff the courts by barring

12  tailored treatment of varying claims in a complaint if they fall within different SLUSA categories.

13      The Ninth Circuit rejected the "whole action" approach in *Falkowski*.  309 F.3d at 1127-

14  32.  It affirmed dismissal of the two fraud claims that were precluded by SLUSA (*id.* at 1127-31),

15  accepted the district court's exercise of jurisdiction over the remaining eight counts (*id.* at 1131-

16  32), affirmed dismissal of one of those eight counts on the merits (*id.* at 1132), and overturned the

17  dismissal of the remaining seven breach of contract counts (*id.*).  Ultimately, the Ninth Circuit

18  remanded the case to the district court to continue litigation on the seven breach of contract

19  counts.  *Id.* at 1134.[22/]  Had the Ninth Circuit concluded that SLUSA mandates that the entire

20  action be treated as a whole, it would have ruled that dismissal of the "action" was required once

21

22  [21/]    SLUSA uses the term "action" repeatedly to identify the scope of what is precluded by the
    statute as well as what is to be preserved and remanded.  *E.g.*, 15 U.S.C. § 78bb(f)(1) (describing

23  precluded actions with the language "No covered class action . . . may be maintained . . . ."); *id.* §
    78bb(f)(5)(B) (defining a "covered class action" as certain types of "single lawsuit[s]" or "group

24  of lawsuits"); *id.* § 78bb(f)(3)(A)(i) (describing preserved Delaware carve-out actions with the
    language ". . . a covered class action . . . based upon the . . . law of the State in which the issuer is

25  incorporated . . . ."); *id.* § 78bb(f)(3)(C) (describing preserved contract action with indenture
    trustees as a ". . . a covered class action that seeks to enforce a contractual agreement . . . ."); *id.*

26  § 78bb(f)(3)(D) (stating that a court shall remand an "action [that] may be maintained in State

27  court . . . .").

28  [22/]    The district court thereafter decided to remand the remaining contract claims to state court
    for want of a federal question.  *See Falkowski v. Imation Corp.*, 132 Cal. App. 4th 499, 504 (1st
    Dist. 2005).

-19-               Civil Action No. 3:0-CV-00602-BEN-WMC
TPG and LGP Defendants' Opposition to
Plaintiff's Motion to Remand Action to State Court

1   it was clear that some of the counts were precluded by SLUSA. It did the opposite, permitting

2   certain claims to proceed even though others were barred.

3       The Second Circuit is in accord with the Ninth Circuit that a more tailored approach,

4   addressing each claim individually, is appropriate. *See Gray v. Seaboard Secs., Inc.*, 241 F. Supp.

5   2d 213, 223 (N.D.N.Y. 2003) (dismissing precluded claims under SLUSA and declining to take

6   jurisdiction over the remaining claims under 28 U.S.C. § 1367(c)(3)), *aff'd in part and rev'd in*

7   *part*, 126 Fed. Appx. 14, 16 (2d Cir. Mar. 9, 2005) (as held in *Dabit*, a "claim-by-claim analysis of

8   the kind the district court undertook here is appropriate"); *Dabit*, 395 F.3d at 47 (agreeing with

9   *Falkowski* and rejecting a requirement that the entire action be treated as an indivisible unit

10  because "we decline to read SLUSA as such an imprecise instrument"), *rev'd on other grounds*,

11  126 S. Ct. 1503 (2006).[23/]

12      The policy concerns underlying the enactment of SLUSA favor the Ninth Circuit's

13  approach. If the Buyers are correct that the claims against them are precluded by SLUSA and

14  would have to be dismissed if filed in a separate action, it would undermine the statute's purpose

15  if it could be circumvented merely by adding the precluded claims to claims preserved under a

16  narrow statutory exemption.

17      Congress enacted SLUSA to foreclose class action plaintiffs from avoiding the heightened

18  pleading requirements of the PSLRA "by filing class action suits in state courts under state

19  statutory or common law theories." *Patenaude v. The Equitable Life Assurance Society of the*

20  *United States*, 290 F.3d 1020, 1025 (9th Cir. 2002). SLUSA's preclusionary effect should be

21  construed broadly, because it "does not actually pre-empt any state cause of action," but rather

22  "simply denies plaintiffs the right to use the class action device to vindicate certain claims."

23  *Dabit*, 126 S. Ct. at 1514. "A narrow reading of the statute would undercut the effectiveness of

24  the 1995 Reform Act and run contrary to SLUSA's stated purpose, viz., to prevent certain State

25

26

_____

27  [23/]      *See also In re Am. Mutual Funds Fee Litig.*, 2007 U.S. Dist. LEXIS 8276 at *22 (C.D.
    Cal. Jan. 18, 2007) (SLUSA's "language does not refer to an action 'any part of which' is based

28  on state law. . . . [T]he words 'covered class action' should be read to include lawsuits, or those
    portions of lawsuits, that assert the claims Congress meant to eliminate. Any other reading is
    counterintuitive.").

-20-                    Civil Action No. 3:0-CV-00602-BEN-WMC
                                    TPG and LGP Defendants' Opposition to
                                    Plaintiff's Motion to Remand Action to State Court

1  private securities class action lawsuits alleging fraud from being used to frustrate the objectives of

2  the 1995 Act." *Id.* at 1513 (internal quotations omitted).

3        Congress included the Delaware carve-out because it recognized the need to exempt

4  "shareholder-initiated litigation based on breach of fiduciary duty of disclosure, in connection

5  with certain corporate actions, that is found in the law of some states, most notably Delaware."

6  S. Rep. 105-185, at 6 (May 4, 1998).  That exception is focused solely on preserving the

7  traditional role of state law claims for actions addressed to internal corporate affairs.  The

8  legislative history states expressly that the intent in adopting the Delaware carve-out was to avoid

9  "interfer[ing] with state law regarding the duties and performance of *an issuer's directors or*

10  *officers . . . .*" *Id.* (emphasis added).  For a claim against parties outside of the corporation,

11  Congress's desire to retain state law actions for claims involving corporate governance has no

12  applicability, and its overarching concern that the PSLRA not be avoided takes precedence.

13  Permitting plaintiffs to circumvent SLUSA (and the PSLRA) by attaching an otherwise prohibited

14  claim to a claim that is preserved by the Delaware carve-out contravenes both the statute's

15  language and Congress' stated purpose for passing it.

16        By following the Ninth Circuit approach, this Court can achieve all of the policy goals

17  Congress endorsed, and undermine none of them.  The claims relating to the dispute between

18  PETCO's shareholders and the PETCO defendants can proceed under the law of the state in which

19  PETCO is incorporated – Delaware – as Congress contemplated.  But the claims involving alleged

20  tortious conduct by persons outside of PETCO, which are not governed by Delaware law and do

21  not arise out of traditional corporate governance principles, must be pursued, if at all, within the

22  context of the PSLRA, as Congress also intended.  *See Dabit*, 126 S.Ct. at 1513.

23        Assuming this Court follows the approach approved in *Falkowski*, it should dismiss all

24  claims in the complaint precluded by SLUSA – *i.e.*, all of the aiding and abetting claims against

25  the Buyers and other defendants not incorporated or organized in California.  The court would

26  then need to determine whether it is appropriate to exercise supplemental jurisdiction over the

27  remaining claims under 28 U.S.C. § 1367, either retaining jurisdiction over those claims (as

28

-21-                Civil Action No. 3:0-CV-00602-BEN-WMC
                    TPG and LGP Defendants' Opposition to
                    Plaintiff's Motion to Remand Action to State Court

originally done in *Falkowski*), dismissing them with leave to refile in state court, or remanding them directly to the California state court pursuant to 15 U.S.C. § 78bb(f)(3)(D).[24/]

**B.  Even if the Court Concludes It Must Address the Entire Action as a Whole, SLUSA's Mandate that Only Preserved "Actions" May Be Remanded Means the Motion To Remand Should Be Denied, and the Entire Action Dismissed.**

If the Court concludes SLUSA mandates one treatment for the entire action filed by plaintiff, the complaint should be dismissed.  SLUSA provides for remand only of preserved "actions": "if the Federal court determines that the *action* may be maintained in State court pursuant to [the Delaware carve-out], the Federal court shall remand such action to such State court."  15 U.S.C. § 78bb(f)(3)(D) (emphasis added).  Once the Court determines that SLUSA precludes some claims contained in the "action," the entire "action" is not one that "may be maintained in State court," because it includes claims that, under federal law, may not be maintained in *any* court.  Such an "action" does not fall within the plain language of the remand provision, and, because the "action" is not permitted by SLUSA in any court, state or federal, it should be dismissed in its entirety.

A number of cases support the general principle, not followed by the Ninth Circuit in *Falkowski*, that SLUSA's use of the word "action" mandates that a court treat the complaint as a whole under the statute.  In *Rowinski*, for example, the Third Circuit questioned "whether preemption of certain counts and remand of others is consistent with the plain meaning of SLUSA," because "the statute does not preempt particular 'claims' or 'counts' but rather preempts 'actions,' . . . suggesting that if any claims alleged in a covered class action are preempted, the entire action must be dismissed."  398 F.3d at 305.  The court did not decide the issue because it determined that because plaintiff incorporated every allegation of the complaint into every count, if SLUSA precluded one claim it precluded them all, and the entire action had to be dismissed.  *Id.*

---

[24/]    Once the precluded claims are dismissed, the Court would be remanding the entire remaining "action" to the state court, as did the district court in *Falkowski* on remand from the Ninth Circuit.  *See* 132 Cal. App. 4th at 504.

Civil Action No. 3:0-CV-00602-BEN-WMC
TPG and LGP Defendants' Opposition to
Plaintiff's Motion to Remand Action to State Court

*Accord LaSala*, 452 F. Supp. 2d at 589 (all claims must be dismissed under SLUSA, even if some are not precluded, because they are all "tied so closely together with" SLUSA-precluded claims that they were "not independent under SLUSA").  Plaintiff in this case did the same thing in the CSAC.  *See* CSAC ¶ 168 (incorporating all allegations).  Indeed, plaintiff integrated his breach of duty claims and aiding and abetting claims into a single "cause of action."  *See id.* ¶¶ 170-71.  Accordingly, if the Court applied this type of integration analysis to plaintiff's action, it should dismiss the complaint in its entirety under SLUSA.

Even without allegations that effectively integrate the entire complaint, a number of district courts agree with the *dicta* in *Rowinski*, holding that SLUSA mandates dismissal of the entire action when the complaint contains both precluded and non-precluded claims.[25/]  Applying the reasoning of this line of cases consistently throughout the statute, because plaintiff includes precluded claims in his complaint, the "action" is not one that "may be maintained in State Court."  It therefore is not subject to remand and SLUSA requires that the entire action be dismissed.

Plaintiff cites two cases that considered actions with a combination of precluded and preserved claims and concluded that the entire action should be remanded rather than dismissed – *Greaves* and *Stewart*.  Both decisions are flawed because they are inconsistent in the way they treat SLUSA's references to the "action."  In *Greaves*, the court reasoned that because SLUSA's remand provision follows the removal provision, and both provisions apply to the entire "action," the "remand provision trumps the removal provision" and requires remand of the entire action.  264 F. Supp. 2d at 1084-86; *see also Superior Partners*, 471 F. Supp. 2d at 758-59 (following

---

[25/]       *See, e.g., In re Franklin Mut. Funds Excessive Fee Litig.*, 478 F. Supp. 2d 677, 682 (D.N.J. 2007) (because several counts were barred by SLUSA, "dismissal of the entire class action was appropriate"); *In re Lord Abbett Mutual Funds Fee Litig.*, 463 F. Supp. 2d 505, 513 (D.N.J. 2006) ("SLUSA preempts entire class actions, and not mere claims in a complaint"); *Siepel v. Bank of America, N.A.*, 239 F.R.D. 558, 570 n.11 (E.D. Mo. 2006) ("SLUSA preemption mandates dismissal of the entire class action – not just individual claims."); *LaSala*, 452 F. Supp. 2d at 588 ("The statute does not preempt particular 'claims' or 'counts' but rather preempts 'actions . . . .'"); *Greaves*, 264 F. Supp. 2d at 1086 ("the legislation addresses 'actions,' as a whole, and requires that 'covered class actions' rise and fall collectively"); *Superior Partners v. Chang*, 471 F. Supp. 2d 750, 758 (S.D. Tex. 2007) ("SLUSA applies to actions rather than individual claims").

-23-                    Civil Action No. 3:0-CV-00602-BEN-WMC
                        TPG and LGP Defendants' Opposition to
                        Plaintiff's Motion to Remand Action to State Court

*Greaves* rationale). But the *Greaves* analysis suffers from a critical oversight: it fails to apply the same interpretation to the word "action" each time it is used in SLUSA's remand provision. The remand provision states: "if the Federal court determines that *the action may be maintained* in State court pursuant to this subsection, the Federal court shall remand *such action* to such State court." 15 U.S.C. § 78bb(f)(3)(D) (emphasis added). Although the *Greaves* opinion concludes the reference to remanding "such action" requires that it remand the whole action if *any* claim in the action is preserved by the Delaware carve-out, *see* 264 F. Supp. 2d at 1085, it fails to apply the same standard to the requirement that the court must first "determine[] that *the action* may be maintained in State court" before any remand is appropriate. 15 U.S.C. § 78bb(f)(3)(D) (emphasis added). In *Stewart*, Judge Jones recognized that *Greaves* was "internally inconsistent" because it sometimes interpreted "action" to apply to the "entire case as a whole," and sometimes not. *See Stewart*, slip op. at 11 n.5.

Despite recognizing that the *Greaves* decision was "internally inconsistent" in its treatment of the term "action," the *Stewart* opinion adopted the *Greaves* analysis in the alternative. *See id.* at 10-11.[26/] In so doing, it relied on "the presumption favoring remand where uncertainty as to removability exists" (*id.* at 11), as did the *Greaves* court. *See Greaves*, 264 F. Supp. at 1086 ("[b]ecause removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly") (citation omitted). That rationale is no longer valid in light of the Supreme Court's decision in *Dabit* mandating that SLUSA be broadly construed and specifically rejecting the application of a presumption against preemption to SLUSA. *See Dabit*, 126 S. Ct. at 1513-15 (the "general presumption that Congress does not cavalierly pre-empt state-

---

[26/]     *Stewart*'s primary holding was that an entire action is preserved under SLUSA when any of the claims "involve" conduct within clause (ii) of SLUSA's preservation provision. *See Stewart*, slip op. at 9-10. If that were correct, the court did not need to address the appropriate action when faced with a mixture of precluded and preserved claims. As discussed above, the Stewart court's primary holding was incorrect because the court critically failed to apply the plain language of clause (i) of the preservation provision, which requires that a preserved "action" be based on the law of the state in which the issuer is incorporated. *See* 15 U.S.C. § 78bb(f)(3)(A)(i).

-24-                    Civil Action No. 3:0-CV-00602-BEN-WMC
TPG and LGP Defendants' Opposition to
Plaintiff's Motion to Remand Action to State Court

law causes of action . . . carries less force" in the SLUSA context because it is apparent that Congress carefully tailored SLUSA's coverage); *see also Lord Abbett*, 463 F. Supp. 2d at 514 ("the Court implicitly rejected the Second Circuit's view, permeating its entire opinion, that SLUSA's statutory language should be subjected to an artificial narrowing construction based upon a presumption against preemption").

If, unlike in *Greaves* and *Stewart*, the "whole action" limitation is applied consistently within the statute, and within the remand subsection itself, the action in this case should not be remanded, and should be dismissed, because: (1) an "action" is not preserved under the Delaware carve-out unless the "entire case as a whole" is carved-out, and (2) an "action" may not be remanded unless the court finds the entire case, including all claims asserted, may be maintained in state court. Since portions of plaintiff's complaint – the state law aiding and abetting claims against the Buyers – are precluded by SLUSA and are not preserved under the carve-out, the only decision permitted under this approach would be denial of the motion to remand and dismissal of the "entire case as a whole," with leave for plaintiff to refile the permitted portions of the action in state court.

## IV.   AN AWARD OF ATTORNEY'S FEES IS NOT WARRANTED.

Plaintiff argues it is entitled to attorney's fees because defendants improperly removed this action. *See* Pl.'s Mem. at 4, 11-13. A discretionary award of fees by the Court is, of course, only permissible if the Court remands the claims against the Buyers. *See* 28 U.S.C. § 1447(c). For the reasons set forth above, there should be no such remand. But even if the Court were to remand those claims to the state court, "absent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 126 S. Ct. 704, 708 (2005). Although plaintiff recognizes this as the proper standard for an award of attorney's fees under section 1447(c), he nevertheless

-25-                    Civil Action No. 3:0-CV-00602-BEN-WMC
TPG and LGP Defendants' Opposition to
Plaintiff's Motion to Remand Action to State Court

1   cites cases decided before *Martin* that applied a different standard.[27/]  Those cases have no

2   precedential value after *Martin*.

3       Plaintiff cannot show the Buyers lacked "an objectively reasonable basis for removal" for

4   at least four reasons:

5       *First*, SLUSA's plain language mandates that "any covered class action" involving a

6   "covered security" "shall be removable."  15 U.S.C. § 78bb(f)(2).  There is no dispute that this

7   action falls within that language.  The fact that a preservation provision permits the later

8   identification of exceptions that must be remanded to state court does not suggest the original

9   removal was improper.[28/]  *See, e.g., Greaves*, 264 F. Supp. 2d at 1082 (if each of the statutory

10  prerequisites for removal is satisfied, the action is properly removed without regard to possibility

11  of remand); *Superior Partners*, 471 F. Supp. 2d at 757 ("In essence, according to the plain

12  language of the statute, the court is to consider the propriety of remand after determining the

13  propriety of removal."); *Stewart*, slip op. at 9 (first determining whether removal was proper, then

14  determining if there is a basis for remand).

15      *Second*, the discussion above of the legal grounds for denying the remand motion and

16  dismissing the claims against the Buyers leaves no doubt that the Buyers had an objectively

17  reasonable basis for removal, and the request for fees should be denied pursuant to *Martin*.  As

18  noted above, Ninth Circuit precedent suggests that the precluded claims against the Buyers should

19  be dismissed, not remanded.  Although plaintiff asserts that there is a "uniform trend among

20  district courts" in favor of remand under SLUSA (*see* Pl. Mem. at 12), almost all of the decisions

21  he cites do not apply here because they involved claims fully within the Delaware carve-out and

22  therefore never considered the propriety of removing an action that joins precluded and preserved

23  claims.[29/]  Plaintiff never even addresses the significance of *Falkowski*'s claim-by-claim

24  approach, that the claims asserted against the Buyers are not covered by the Delaware carve-out,

25  [27/]    *See Braco v. MCI Worldcom Commc'ns, Inc.*, 138 F. Supp. 2d 1260, 1266 (C.D. Cal.
26  2001) (holding, contrary to *Martin*, that "fees may be awarded even where the removal was 'fairly
    supportable'"); *Desmond v. BankAmerica Corp.*, 120 F. Supp. 2d 1201, 1204 (N.D. Cal. 2000)
27  (concluding that fees could be awarded even if removal was in good faith and fairly supportable).

    [28/]    Indeed, plaintiff had the option of choosing not to seek a remand and instead seeking to
28  pursue his claims in this Court.

    [29/]    *See* note 11, above.

-26-                     Civil Action No. 3:0-CV-00602-BEN-WMC
                                                 TPG and LGP Defendants' Opposition to
                                            Plaintiff's Motion to Remand Action to State Court

1   or the complexities raised by his decision to file a mixture of claims, some of which may fall

2   within the Delaware carve-out and some of which do not.  There is not only no "trend" regarding

3   such cases, there are barely a handful of cases that even have considered the issues they raise.  In

4   fact, there appears to be only one unreported decision in this Circuit to have done so, and that

5   decision failed to apply Ninth Circuit precedent and made a critical oversight in applying the

6   language of the statute, each of which gravely undermines its analysis.  Moreover, even if there

7   were such a trend, it would have dubious value in light of the Supreme Court's recent rejection in

8   *Dabit* of the applicability to SLUSA of a presumption against preemption, which many cases

9   previously cited as a basis for their holdings.

10         *Third*, the correspondence between counsel before the removal papers were filed, cited by

11   plaintiff in support of his fee request, confirms the Buyers acted in good faith.  Plaintiff's counsel

12   never addressed the critical issue presented here in that correspondence.  Although invited to

13   present defendants with controlling law holding removal was improper, plaintiff's counsel cited

14   numerous cases that never considered the impact of incorporating in the complaint claims falling

15   outside of the Delaware carve-out.  The few cases that did address that issue recognized its

16   complexities and did not suggest in any respect that removal was improper.[30/]

17         *Fourth*, plaintiff is plainly wrong when he asserts that defendants "knowingly pursued

18   removal solely as a means to delay prosecution of this action in state court."  *See* Pl. Mem. at 13.

19   Even putting aside the objectively reasonable grounds discussed above for removing the action

20   and seeking dismissal of the claims against the Buyers, plaintiff ignores the fact that the Buyers

21   made it clear that plaintiff could avoid removal by dropping the claims against the Buyers, which

22   plaintiff added into the amended complaint only as an afterthought.  *See* CSAC, Exhibit 1 to NOL.

23   If the Buyers' objective had been delay, they would have removed the action without offering this

24   alternative, which would have allowed the state court action to proceed against the PETCO

25   Defendants immediately.  Plaintiff no doubt rejected that offer because he knew the only hope he

26

27   <hr>
[30/]    *See Contreras v. Host Am. Corp.*, 453 F. Supp. 2d 416, 421 n.6 (D. Conn. 2006)

28   (defendant did not lack an objectively reasonable basis for removal because the "issue of validity
of defendant's removal in this case is complex and the answer not obvious in light of established
case law").

-27-       Civil Action No. 3:0-CV-00602-BEN-WMC
TPG and LGP Defendants' Opposition to
Plaintiff's Motion to Remand Action to State Court

1  had of pursuing claims against the Buyers consistent with SLUSA was to attempt to bootstrap

2  them to the claims against the PETCO Defendants.

3       For all of these reasons, even if the Court remands the claims against the Buyers (which it

4  should not), plaintiff's request for fees should be denied.  *See Assocs. Nat'l Bank v. Erum*, 206

5  Fed. Appx. 666, 668 (9th Cir. Oct. 17, 2006) (reversing fee award because no circumstances

6  justified departure from *Martin*'s standard, and nothing in record suggested that removal was for

7  improper purpose); *Fresno Cmty. Hosp. V. UFCW Employers Benefit Plan of Northern Cal.*

8  *Group Admin., LLC*, 2006 WL 3850734, at *7 (E.D. Cal. Dec. 19, 2006) (denying request for

9  attorneys' fees on remand because no Ninth Circuit or Supreme Court case had addressed issue

10  and nothing in record suggested that defendants removed for improper purpose).

11                                      **Conclusion**

12       For all of the foregoing reasons, the Court should deny Plaintiff's Motion to Remand.

13  Pursuant to SLUSA, the claims against the Buyers should be dismissed, and the Court should

14  determine whether it is appropriate to retain the claims against the PETCO Defendants under 28

15  U.S.C. § 1367, or dismiss or remand that remaining portion of the action.  Alternatively, the Court

16  could dismiss the entire action, with leave for plaintiff to refile the claims against the PETCO

17  Defendants in state court.

18

19  June 25, 2007                         Respectfully submitted,

20

21

22                                       PESTOTNIK + GOLD LLP

23                                        s/ Russell A. Gold
                                         Timothy R. Pestotnik
24                                       Russell A. Gold

25                                       WILMER CUTLER PICKERING HALE AND DORR LLP
                                         Andrew B. Weissman
26                                       John A. Valentine
                                         Jesse T. Travis
27

28                                       *Attorneys for Defendants Texas Pacific Group, TPG*
                                         *Partners V, L.P., TPG GenPar V, L.P., and TPG*
                                         *Advisors V, Inc.*

-28-                Civil Action No. 3:0-CV-00602-BEN-WMC
                                    TPG and LGP Defendants' Opposition to
                              Plaintiff's Motion to Remand Action to State Court

1                       SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

2

3                        s/ Eric S. Waxman

                    Eric S. Waxman

4                       Virginia Milstead

5                       *Attorneys for Defendants Leonard Green & Partners,*
                    *Green Equity Investors IV, L.P., GEI Capital IV, LLC,*

6                       *and John Danhakl*

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-29-        Civil Action No. 3:0-CV-00602-BEN-WMC
TPG and LGP Defendants' Opposition to
Plaintiff's Motion to Remand Action to State Court