UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| In re PETCO ANIMAL SUPPLIES, INC. SHAREHOLDER LITIGATION | Case No.: 07-CV-0602-BEN (WMc)<br><br>**ORDER GRANTING MOTION TO REMAND**<br><br>**[Dkt. No. 11]** |
|---|---|

## I.  INTRODUCTION

This case was removed to federal court under the Securities Litigation Uniform Standards Act of 1998 ("SLUSA").  Plaintiff moves to remand under an exception to SLUSA.  Plaintiff also requests attorneys' fees and costs.  Defendants oppose the motion.  For the reasons that follow, the motion to remand is **GRANTED,** and the request for attorneys' fees and costs is **DENIED.**

## II.  BACKGROUND

On July 14, 2006, PETCO Animal Supplies, Inc. ("PETCO") announced the company's planned acquisition by Texas Pacific Group, Inc. and related companies, and Leonard Green & Partners, L.P. and related companies (collectively "the Buyers").

On July 19, 2006, Plaintiff, one of PETCO's shareholders, filed this action in California state court, alleging that PETCO's directors breached their fiduciary duty in reaching the agreement with the Buyers.  Plaintiff unsuccessfully sought to enjoin the shareholders' vote on the

- 1 -

acquisition.  The acquisition was approved on October 23, 2006.

The current operative pleading, Consolidated Second Amended Complaint ("the SAC"), was filed on March 8, 2007.  The SAC names as Defendants both the PETCO directors and the Buyers.  Plaintiff alleges as follows: the directors breached their fiduciary duties by failing to consider adequately an offer from another bidder and by making material misstatements and omissions in the proxy statement sent out to the shareholders.  The proxy recommended the approval of the merger between PETCO and the Buyers.  The Buyers aided and abetted in the directors' breach of fiduciary duty.

On April 3, 2007, Defendants removed this case under the Securities Litigation Uniform Standards Act of 1998 ("SLUSA").

### III.  DISCUSSION

**A.      Motion for Remand**

Remand of the entire action is appropriate.  Federal courts have limited jurisdiction.  *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  An action may be removed to federal court only if such action could have been properly filed in federal court originally.  *See* 28 U.S.C. § 1441(a).  The removing party has the burden of establishing federal jurisdiction.  *See Westinghouse Elec. Corp. v. Newman & Holtzinger, P.C.*, 992 F.2d 932, 937 (9th Cir. 1993).  Moreover, a court must construe the removal statute strictly and reject jurisdiction if there is any doubt regarding whether removal was proper.  *See Duncan v. Stuetzle,* 76 F.3d 1480, 1485 (9th Cir. 1996).

SLUSA was passed to curb the abuse of securities class action litigation.  SLUSA precludes private "covered" class actions that meet certain other requirements.  A "covered" action seeks damages "on behalf of more than 50 persons or prospective class members," and "questions of law or fact common to those persons or members of the prospective class ... predominate."  15 U.S.C. § 78bb(f)(5)(B)(i)(I).  The class action must also be based on state law and allege either "a misrepresentation or omission of a material fact in connection with the purchase or sale of a covered security," or that "the defendant used or employed any manipulative or deceptive device or contrivance in connection with the purchase or sale of a covered security."  15 U.S.C. §

07cv0602

78bb(f)(1)(A).  SLUSA's preclusion provision essentially "makes some state-law claims non-actionable through the class action device in federal as well as state court." *Kircher v. Putnam Funds Trust,* 126 S.Ct. 2145, 2151 n. 1 (2006).  Such actions may be removed to federal court and dismissed.  *See* 15 U.S.C. § 78bb(f)(2).  Defendants removed the present case under the preclusion provision, based on Plaintiff's allegations of misrepresentations in the proxy statement.

SLUSA, however, contains an exception to the preclusion provision for certain class actions based on the statutory or common law of the issuer's state of incorporation.  *See* 15 U.S.C. § 78bb(f)(3)(A)(i).  This exception is known as the "Delaware carve-out."  The excepted actions must involve:

> (I) the purchase or sale of securities by the issuer or an affiliate of the issuer exclusively from or to holders of equity securities of the issuer; or
> (II) any recommendation, position, or other communication with respect to the sale of securities of an issuer that–
>> (aa) is made by or on behalf of the issuer or an affiliate of the issuer to holders of equity securities of the issuer; and
>> (bb) concerns decisions of such equity holders with respect to voting their securities, acting in response to a tender or exchange offer, or exercising dissenters' or appraisal rights.

15 U.S.C. § 78bb(f)(3)(ii).

This case alleges claims for breach of fiduciary duty and aiding and abetting.  As concluded below, both groups of allegations meet the elements of the Delaware carve-out.  Furthermore, even assuming that only the breach of fiduciary duty claims meet the carve-out elements, the case is subject to remand in its entirety.

### 1.  Breach of Fiduciary Duty Claims

The breach of fiduciary duty claims meets all of the requirements of the carve-out.  It is a "covered" class action because it involves more than 50 persons or prospective class members, and common issues of law and fact predominate.  *See* 15 U.S.C. § 78bb(f)(5)(B)(i)(I).  These claims were brought under Delaware law.  PETCO is incorporated in Delaware.  Therefore this case is based upon the statutory or common law of the State in which the issuer is incorporated.  *See* 15 U.S.C. § 78bb(f)(3)(A)(i).

In addition, this case involves a proxy statement sent to shareholders in connection with a merger.  The SAC alleges that the statement contained false and misleading information.  The

07cv0602

proxy was a communication to the shareholders, involved the sale of securities, and concerned the equity holders' decisions to vote their securities.  Therefore the breach of fiduciary duty claims fall under the exception to SLUSA and may be maintained in state court.  *See* 15 U.S.C. § 78bb(f)(3)(ii).

### 2.   Claims for Aiding and Abetting Breach of Fiduciary Duty

The aiding and abetting claims also meet the requirements of the Delaware carve-out.  The claims are governed by Delaware law, the state of PETCO's incorporation, and the allegations concern a communication by an issuer or an issuer's affiliate.

### a.   Law Governing Aiding and Abetting Claims

The claims are governed by the law of the issuer's state of incorporation.  PETCO is the only issuer in the action.  PETCO is incorporated in Delaware.[1]  As explained below, Delaware law applies to Plaintiff's aiding and abetting claims.

Because this case was removed under SLUSA, jurisdiction is provided by a federal question.  In federal question cases, federal common law determines the choice of law.  *See Chan v. Soc'y Expeditions, Inc.,* 123 F.3d 1287, 1297 (9th Cir. 1997).  Under federal common law, courts look to the Restatement (Second) of Conflict of Laws ("Restatement of Conflicts") for guidance.  *See Schoenberg v. Exportadora de Sal, S.A.,* 930 F.2d 777, 782 (9th Cir. 1991).  In the context of "issues involving the rights and liabilities of a corporation," the Restatement looks to the law of the state of incorporation, unless some other state has a more significant relationship to the claims.  *See Restatement (Second) Conflict of Laws,* § 302.  Defendants argue that California law should apply because California is the forum state.  No significant relationship between California and the claims has been shown.

In addition, the choice of Delaware law is supported by the "internal affairs" doctrine.  Under this doctrine, the law of the state of incorporation governs liabilities of officers or directors to the corporation and its shareholders.  *See Shaffer v. Heitner,* 433 U.S. 186, 215 n. 44 (1977); *see also CTS Corp. v. Dynamics Corp. of America,* 481 U.S. 69, 89 (1987); *First Nat'l City Bank v. Banco Para el Comercio Exterior de Cuba,* 462 U.S. 611, 621 (1983).  "The internal affairs

[1]The Buyers are also incorporated in Delaware.

doctrine is a conflict of laws principle which recognizes that only one State should have the authority to regulate a corporation's internal affairs-matters peculiar to the relationships among or between the corporation and its current officers, directors, and shareholders-because otherwise a corporation could be faced with conflicting demands." *State Farm Mut. Auto. Ins. Co. v. Superior Court,* 114 Cal.App.4th 434, 442 (Cal.App. 2 Dist. 2003) (citations omitted). This is so because the state of incorporation has an "overriding interest in the internal affairs of corporations domiciled there." *Nedlloyd Lines B.V. v. Superior Court,* 3 Cal.4th 459, 471 (1992).

Defendants argue that the internal affairs doctrine should not be applied, because it is a conflict of laws principle and there is no conflict between the pertinent California and Delaware law. The internal affairs doctrine, however, is more than merely a conflict of laws principle. "Pursuant to the Fourteenth Amendment Due Process Clause, directors and officers of corporations 'have a significant right ... to know what law will be applied to their actions' and '[s]tockholders ... have a right to know by what standards of accountability they may hold those managing the corporation's business and affairs.'" *VantagePoint Venture Partners 1996 v. Examen, Inc.,* 871 A.2d 1108, 1113 (Del. Supr. 2005) (citations omitted); *see also Restatement (Second) Conflict of Laws,* § 304 cmt. (c) (2003) ("uniform treatment of the shareholders of a corporation is an important objective which can only be attained by having their rights and liabilities with respect to the corporation governed by a single law."). A state "has no interest in regulating the internal affairs of foreign corporations." *Edgar v. MITE Corp.,* 457 U.S. 624, 646 (1982). PETCO is a foreign corporation with respect to the state of California.

The internal affairs doctrine is also reflected in the California law. *See* Cal. Corp. Code § 2116 (directors of foreign corporation transacting intrastate business are liable to corporation for making of unauthorized dividends, purchase of shares or distribution of assets of false certificates, reports or public notices or other violation of official duty according to applicable laws of state of incorporation); *see also Batchelder v. Kawamoto,* 147 F.3d 915, 920 (9th Cir. 1998); *Davis & Cox v. Summa Corp.,* 751 F.2d 1507, 1527 (9th Cir. 1985).

This court concludes that the internal affairs doctrine is applicable to this case. Furthermore, the aiding and abetting claims fall under the scope of the doctrine. Internal affairs

07cv0602

include, among other things, mergers, consolidations, reorganizations, and the purchase and redemption by the corporation of outstanding shares of its own stock. *See Patriot Scientific Corp. v. Korodi,* 504 F.Supp.2d 952, 956 (S.D. Cal. 2007) (citation omitted). The claims for aiding and abetting director's breach of fiduciary duty are closely related to the acquisition. The acquisition is an internal affair. Therefore the aiding and abetting claims are covered by the internal affairs doctrine.   These claims fall under the law of the state of incorporation, here Delaware.

Finally, Delaware law was chosen by the parties as the governing law of the merger agreement. The agreement specified that "[t]his Agreement shall be construed in accordance with and governed by the Law of the State of Delaware." "[A] valid choice-of-law clause, which provides that a specified body of law "governs" the "agreement" between the parties, encompasses all causes of action arising from or related to that agreement, regardless of how they are characterized, including tortious breaches of duties emanating from the agreement or the legal relationships it creates." *Nedlloyd Lines B.V. v. Superior Court,* 3 Cal.4th 459, 470 (1992). The aiding and abetting claims fall within the scope of the choice of law provision. Accordingly, Delaware law applies to these claims.

### b. Communication of an Issuer or an Issuer's Affiliate

The aiding and abetting claims meet the rest of the requirements of the Delaware carve-out. As stated above, securities class actions permitted by the carve-out "involve" any "communication with respect to the sale of securities of an issuer . . . made by or on behalf of the issuer . . . to the holders of equity securities. . . [which] concerns decisions of such equity shareholders with respect to voting their securities." 15 U.S.C. § 78bb(f)(3)(A)(ii).

Here, the aiding and abetting claims allege that the Buyers assisted PETCO's directors' breach of fiduciary duty by sending a misleading proxy statement to PETCO's shareholders with respect to the acquisition by the Buyers. The proxy statement was a communication. PETCO is the only issuer in this action, therefore the communication was made with respect to the sale of the issuer's securities. The communication, of course, was made to the shareholders and recommended approval of the acquisition. Consequently, the aiding and abetting claims involve the kind of communication specified by the Delaware carve-out. Because both the breach of

07cv0602

fiduciary duty claims and the aiding and abetting claims fall under the scope of the Delaware carve-out, the entire action is subject to remand.

Moreover, even assuming that the aiding and abetting claims were not covered by the Delaware carve-out, remand of the entire action is still appropriate. SLUSA addresses the preclusion or permission of entire *actions,* not individual claims. *See, e.g.,* §78bb(f)(3); (f)(3)(A)(I); (f)(3)(A)(ii); *see also Superior Partners v. Chang,* 471 F.Supp.2d 750, 757 (S.D. Tex. 2007) ("The SLUSA provisions direct a district court to examine a lawsuit in its entirety."). "Where Congress explicitly demands that actions be remanded to state court, this court is without power to exercise jurisdiction over such claims." *Greaves v. McAuley,* 264 F.Supp.2d 1078, 1085 (N.D. Ga. 2003). "If Congress had intended to preempt and preserve only specific types of claims, rather than entire lawsuits, Congress could have easily done so." *Id.* If remand is appropriate, "the remand provision trumps the removal provision, and the entire lawsuit must be remanded." *Id; see also Superior Partners,* 471 F.Supp.2d at 758 ("If remand is appropriate, the entire lawsuit must be remanded to state court, irrespective of the court's finding that some claims are preempted by SLUSA.").

Defendants' reliance on the Ninth Circuit decision in *Falkowski v. Imation Corp.,* 309 F.3d 1123 (9th Cir. 2002), is misplaced. *Falkowski* affirmed a lower court's decision which treated claims precluded under SLUSA separately from other state law claims. The Ninth Circuit did not specifically find that separate treatment is required. Most importantly, *Falkowski* did not involve the application of the Delaware carve-out, whose terms mandate the remand of entire actions, not claims. At least one court in this District has held that "in cases where the Delaware carve-out exception applies, the district court must remand the entire action." *Stewart v. Travers*, No. 03-CV-2125, slip. op. (S.D. Cal. Feb. 10, 2004) (remanding entire case when breach of fiduciary duty claims fell under the carve-out, but aiding and abetting claims did not) (citing *Cape Ann Investors LLC v. Lepone*, 296 F. Supp.2d 4 (D. Mass. 2003)).

This Court finds the reasoning in favor of remanding an entire action, as opposed to separate claims, persuasive and remands the entire action.

///

07cv0602

### 3.    Effect of Remand on Future State Court Determinations

This Court's conclusion that Plaintiff's claims meet the Delaware carve-out does not preclude the state court from finding the claims precluded by SLUSA at a later time.  Federal courts do not have exclusive jurisdiction over preclusion decisions.  *See Kircher,* 126 S.Ct. at 2156.  Defendants may ask for dismissal on grounds of preclusion when they return to the state court.  "Collateral estoppel should be no bar to such a revisitation of the preclusion issue, given that § 1447(d) prevents the funds from appealing the District Court's decision."  *Id.* at 2156-57.  Accordingly, on remand, nothing estops the state court from an independent evaluation of SLUSA's preclusion of Plaintiff's claims.

### B.    Request for Attorney's Fees and Costs

An award of attorneys' fees and costs is not appropriate.  Under 28 U.S.C. §1447(c), remand of a case "may require payment of just costs and actual expenses, including attorney's fees, incurred as a result of the removal."  *Id.*  This Court is not convinced that Defendants' removal of the case was a delay tactic.  Defendants argued, for example, that California and not Delaware law applied to the aiding and abetting claims, and that the claims were outside the Delaware carve-out.  Defendants' argument based on *Falkowski* was not frivolous because that decision arguably leaves some room for Defendants' interpretation.  Accordingly, the request for attorney's fees and costs is not warranted.

### IV.  CONCLUSION

Plaintiff's Motion to Remand is **GRANTED.**  Plaintiff's request for attorneys' fees and costs is **DENIED.**

**IT IS SO ORDERED**.

DATED:  February 15, 2008

_____
Hon. Roger T. Benitez
United States District Judge